**In re James Walter BLAIR, and Ann Cater Blair, Debtors.**

**James Walter BLAIR, and Ann Cater Blair, Plaintiff,**

v.

**MEMPHIS BANK & TRUST COMPANY, Defendant.**

**Bankruptcy No. 82–21354.**
**Adv. No. 82–2408.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Sept. 20, 1982.

Patrick Johnson, Jr., Memphis, Tenn., for plaintiffs-debtors.

Gary L. Jewel, and Lynn B. Montgomery, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

In this proceeding the plaintiffs-debtors have filed a Complaint against Memphis Bank and Trust Company (hereinafter "bank") seeking to enjoin the bank from enforcing alleged liens of the bank on two motor vehicles of the debtors.

In this case three loans were made by the bank. The first loan (hereinafter "Note # 1") was made to the debtors on March 24, 1981, for $3,652.56, and the debtors, James W. Blair and Ann C. Blair, pledged as security on the loan a 1977 Monte Carlo automobile. The security agreement contained a clause which stated that the loan was also secured by "all other goods and property of the same type and class, whether now owned or hereinafter acquired" and another clause which stated that the collateral was to secure the payment of the loan and other obligations including "all other money and sums heretofore or hereafter loaned or advanced by Secured Party to or for the account of Debtor at the option of Secured Party, and all other present or future, direct or contingent liabilities and indebtedness of Debtor to Secured Party of any nature whatsoever, and any extensions or renewals thereof." The balance due on Note # 1 is $1,521.91.

On July 2, 1981, Earl's Upholstery Company as the principal maker and James Blair and James Jackson as the guarantors executed a note (hereinafter "Note # 2") in the amount of $4,000.00 to the bank. No security was pledged in Note # 2, and the present balance is $3,540.75.

On November 13, 1981, the debtor, James Blair obtained the third loan (hereinafter "Note # 3") from the bank in the amount of $1,110.36, and the debtor pledged as security on the loan a 1978 Chevrolet van. The security agreement on the third loan contained language that the collateral was to secure the payment of the loan and other obligations including "all other money and sums heretofore or hereinafter loaned or advanced by Secured Party to or for the account of Debtor at the option of Secured Party, and all other present or future indebtedness of Debtor to Secured Party of any nature whatsoever, and any extensions or renewals thereof."

The debtors filed a Chapter 7 bankruptcy petition on April 22, 1982. On June 15, 1982, the debtors filed a Complaint against the bank arising out of the bank's seeking to enforce the cross-collateralization clauses mentioned above. The bank on June 21, 1982, filed a Proof of Secured Claim setting out the claims and alleged security interests.

On July 19, 1982, the debtors filed an objection to the allowance of the secured claims of the bank, and thereafter on July 20, 1982, the debtors filed a motion to redeem the above-mentioned automobile and van. The complaint and motion were heard on July 22, 1982, and the debtors and the bank were allowed a period of time by the Court for each party to file proposed findings of fact and conclusions of law which have since been filed.

The debtors contend that the cross-collateralization clauses in the security agreements were invalid and should be avoided. The bank maintains that it has a security interest in both motor vehicles for all three of the loans because of the above-mentioned cross-collateralization clauses.

The Court finds that the future advance clause in Note # 1 is valid but that it only applies to the balance of Note # 3 which was a personal loan and not Note # 2 which was a business loan. Also, the Court finds that in Note # 2 no collateral was pledged or reasonably identified. Therefore, the balance due on Note # 1 is secured by both of the above-mentioned vehicles, the balance due on Note # 2 is unsecured, and the balance due on Note # 3 is secured by the 1978 Chevrolet van.

Future advance clauses are valid under Tennessee law. Tenn.Code—Annot. § 47–9–204(5) (1979); *In re Johnson,* 9 B.R. 713 (Bkrtcy.M.D.Tenn., 1981); *United States v. Automatic Heating & Equipment Co.,* 181 F.Supp. 924 (E.D.Tenn.1960), aff'd, 287 F.2d 885 (6th Cir.1961); *In re White Plumbing & Heating Co.,* 6 U.C.C.Rep.Serv. 467 (E.D. Tenn., 1969) (B.J.) *McGavock v. Deery,* 41 Tenn. (1 Cold.) 265 (1860); *Wright v. Lincoln County Bank,* 62 Tenn.App. 560, 465 S.W.2d 877 (1970); *see Cabbage v. Citizens Bank & Trust Co.,* 31 Tenn.App. 283, 214 S.W.2d 572 (1948). In most jurisdictions, including Tennessee, future advance clauses historically have been strictly construed against the creditor. *See, e.g., In re Johnson, id* at 715; *United States v. American Nat'l Bank,* 255 F.2d 504 (5th Cir.1958); *United States v. Automatic Heating & Equipment Co., supra;* Walker, *The Elusive Security Interest: Tennessee Variations on a Theme,* 41 Tenn.L.Rev. 831, 839 (1974).

For a future indebtedness to be secured by reason of a future advance clause in the initial credit instrument, some courts require that the subsequent debt "be of the same class as the primary obligation secured by the instrument and so unrelated to it that the consent of the debtor to its inclusion may be inferred." *In re Ervin,* BK. No. 80–10784 (Bkrtcy.W.D.Tenn., Oct. 4, 1981); *In re Gulla,* BK. No. 80–21724 (Bkrtcy.W.D.Tenn., Aug. 21, 1981); *In re Johnson, supra; Marine Nat'l Bank v. Airco, Inc.,* 389 F.Supp. 231 (W.D.Pa.1975); *National Bank v. Blankenship,* 177 F.Supp. 667 (E.D.Ark.1959), aff'd sub. nom. *National Bank v. General Mills, Inc.,* 283 F.2d 574 (8th Cir.1960); *Pellegrine v. National Bank,* 28 U.C.C.Rep.Serv. 209 (D.C.Super.Ct.1980); *Security Bank v. First Nat'l Bank,* 263 Ark. 525, 526, 565 S.W.2d 623 (1978); *Community Bank v. Jones,* 278 Or. 647, 566 P.2d 470 (1977).

Recent bankruptcy cases including a decision by this Court in *In re Ervin,* BK. No.

80–10784 (Bkrtcy.W.D.Tenn., Oct. 14, 1981) indicate that the above two-prong test to the validity of future advance clauses would be applied in Tennessee. *In re Gulla,* BK. No. 80–21724 (Bkrtcy.W.D.Tenn., August 21, 1981); *In re White Plumbing & Heating Co., supra; In re Porter,* BK. No. 79–30043 (Bkrtcy.M.D.Tenn., Feb. 5, 1980); *In re Johnson, supra.*

In *In re Porter, supra,* Bankruptcy Judge Hippe declined to enforce a future advance clause in part because the subsequent indebtedness consisted of business loans whereas the initial indebtedness had been in the nature of personal loans and thus not of the "same class."

This Court ruled in *In re Ervin, supra,* that the future advance clause in a business loan secured by a deed of trust was invalid as to a subsequent loan to a third party which the debtor co-signed on behalf of his business and personally endorsed. In *Ervin, Id.* at 4, this Court found that the second loan was so unrelated to the debts secured by the deed of trust that it could not be "within the contemplation and intent of the parties under the future advance clause."

▮ As between the initial loan, Note # 1, and the subsequent loan, Note # 2, in the case at bar, neither the "same class" test nor the "relatedness" test is met. Note # 1 was a personal loan to the debtors whereas Note # 2 was a business loan to Earl's Upholstery Company which was guaranteed by James Blair and James Jackson. The loans were not of the same class, and they were so unrelated that it could not be said that there was a meeting of the minds of the parties to apply the future advance clause to Note # 2.

▮ Nevertheless, the third loan, Note # 3, meets the requirements of the "same class" and "relatedness" test, and therefore the future advance class in Note # 1 would be valid as to Note # 3. Both Note # 1 and Note # 3 are personal loans secured by motor vehicles held for personal use, and signed by the debtor, James Blair, as the principal maker.

No clause in Note # 2 would indicate to the Court that it is anything more than an unsecured loan. The note in no way reasonably identifies or describes any collateral. *See* Tenn.Code Annot. § 47–9–110 and 47–9–203(1)(b) (1963).

IT IS, THEREFORE ORDERED that the balance on Note # 1 is secured by the 1977 Monte Carlo automobile and the 1978 Chevrolet van of the debtors, the balance on Note # 2 is unsecured, and the balance due on Note # 3 is secured by the 1978 Chevrolet van; and it is

FURTHER ORDERED that the debtors have ten (10) days from the entry of this order to file an application, if necessary, with this Court for an evidentiary hearing on the value of the above-mentioned motor vehicles if the debtors wish to pursue redemption.