**In re Jerry Franklin BLURTON and Sandra Gayle Blurton, Debtors.**

**Jerry Franklin BLURTON and Sandra Gayle Blurton, Plaintiffs,**

v.

**DYERSBURG PRODUCTION CREDIT ASSOCIATION, Defendant**

and

**Walter Drake, Trustee and Defendant.**

Adv. No. 82–3275.
Bankruptcy No. 82–11090.

United States Bankruptcy Court,
W.D. Tennessee, E.D.

Jan. 17, 1983.

H. Jack Holmes, Jackson, Tenn., for petitioner.

Thomas E. Harwood, Trenton, Tenn., for Dyersburg Production Credit Ass'n.

Walter Drake, Jackson, Tenn., trustee.

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

In this adversary proceeding, the Debtors, Jerry Franklin Blurton and Sandra Gayle Blurton, filed a Complaint to Determine Parties' Rights in Real Estate against a creditor, Dyersburg Production Credit Association (hereinafter "PCA"), and the trustee, Walter Drake.

On three occasions, the Debtors executed three notes and three Deeds of Trust to PCA. On the first occasion on November 16, 1977, the Debtors along with two other individuals, signed a Demand Note and Deed of Trust granting a mortgage to PCA on approximately eighty-seven (87) acres of land in Crockett County, Tennessee. The money obtained from this loan (hereinafter referred to as "construction loan") in the amount of Sixty-Three Thousand, Two Hundred, Fifty-Three ($63,253.00) and No/100 Dollars, was used in the Debtors' construction business.

A second loan (hereinafter "building loan") in the amount of Twenty-Five Thousand ($25,000.00) and No/100 Dollars, was obtained by the Debtors from PCA on July 19, 1979, to be used in the Debtors' business. On this loan the Debtors executed a Demand Note and Deed of Trust granting PCA a mortgage on a certain commercial building and property.

A third loan (hereinafter "home loan") in the amount of Sixty-Three Thousand, Seven Hundred, Thirty ($63,730.00) and No/100 Dollars was made to the Debtors on August 16, 1979, by PCA. This loan was in the nature of a personal loan involving payments on or the purchase of the Debtors' home, and the Debtors signed a Demand Note and Deed of Trust pledging a mortgage to PCA on the Debtors' home located on Mary Kee Drive in Humboldt, Tennessee.

The loans fell in default, there were foreclosure sales on the land in Crockett County, Tennessee, and the commercial building, and deficiency balances exist after those

sales. PCA maintains that due to future advance or drag-net provisions in all three Deeds of Trust executed by the Debtors, the deficiency balances from the first two loans extend to the mortgage on the Debtors' home in the third loan.

The Debtors take the position that PCA has a mortgage on the Debtors' residence only to the extent of the outstanding balance owed on the home loan and that the Debtors did not intend to secure any other previous loans by signing the Note and Deed of Trust on the home loan.

■ The particular clause at issue in the Deeds of Trust sets out the following as to what the mortgage additionally secured:

Together with any renewals and extensions, partial or otherwise;

SECOND. To secure the payment of all unpaid balances of any additional or other loan advances which the Beneficiary may make under provisions of notes secured hereby, to the aforenamed person, no matter how the same may be evidenced; and

THIRD: To secure unpaid balances of any loans made in the future by Beneficiary to the aforenamed person, at the request of the aforenamed person, mortgagor or his successor in title, no matter how such loans may be evidenced.

Upon interpretation, the above clause when read in the home loan would mean that the mortgage on the home would only secure future indebtednesses. The paragraph noted as "second" in the clause which is relied on by PCA states that the home mortgage will secure "additional or other loan advances which the Beneficiary may make ..." The fact that the word "may" is used in this clause indicates to the Court that the home mortgage could only secure future loans or advances that the Debtors might obtain. Since the Debtors did not obtain any future loans from PCA, the home mortgage only secures the indebtedness from the home loan and not the deficiency balances from the prior loans.

■ Even if the Court came to a different conclusion on its interpretation of the Deed of Trust provisions at issue, there exists ample recent authority as to the application of future advance clauses.

Future advance clauses are valid under Tennessee law. Tennessee Code Annotated, § 47–9–204(5) (1979); *In Re, Blair*, 26 B.R. 228, (Bkrtcy.W.D.Tenn., 1982); *In Re Ervin*, BK NO. 80–10784 (Bkrtcy.W.D.Tenn., Oct. 14, 1981); *In Re Gulla*, BK NO. 80–21724 (Bkrtcy.W.D.Tenn., Aug. 21, 1981); *In Re Johnson*, 9 B.R. 713 (Bkrtcy.W.D.Tenn., 1981); *United States v. Automatic Heating & Equipment Co.*, 181 F.Supp. 924 (E.D. Tenn.1960), aff'd, 287 F.2d 885 (6th Cir. 1961); *In Re White Plumbing & Heating Co.*, 6 U.C.C.Rep.Serv. 467 (E.D.Tenn.1969) (B.J.) *McGarock v. Deery*, 41 Tenn. (1 Cold.) 265 (1860); *Wright v. Lincoln County Bank*, 62 Tenn.App. 560, 465 S.W.2d 877 (1970); see *Cabbage v. Citizens Bank & Trust Co.*, 31 Tenn.App. 283, 214 S.W.2d 572 (1948). In most jurisdictions, including Tennessee, future advance clauses historically have been strictly construed against the creditor. See, e.g., *In re Johnson*, id at 715; *United States v. American Nat'l Bank*, 255 F.2d 504 (5th Cir.1958); *United States v. Automatic Heating & Equipment Co., Supra*; Walker, *The Elusive Security Interest; Tennessee Variations on a Theme*, 41 Tenn. L.Rev. 831, 839 (1974).

For a future indebtedness to be secured by reason of a future advance clause in the initial credit instrument, some courts require that the subsequent debt "be of the same class as the primary obligation secured by the instrument and so related to it that the consent of the debtor to its inclusion may be inferred." *In Re Blair, Supra; In Re Ervin, Supra; In Re Gulla, Supra; In Re Johnson, Supra; Marine Nat'l Bank v. Airco, Inc.*, 389 F.Supp. 231 (W.D.Pa.1975); *National Bank v. Blankenship*, 177 F.Supp. 667 (E.D.Ark.1959), aff'd sub. nom. *National Bank v. General Mills, Inc.*, 283 F.2d 574 (8th Cir.1960); *Pellegrine v. National Bank*, 28 U.C.C.Rep.Serv. 209 (D.C.Super. Ct.1980); *Security Bank v. First Nat'l Bank*, 263 Ark. 526, 565 S.W.2d 623 (1978); *Community Bank v. Jones*, 278 Or. 647, 566 P.2d 470 (1977).

Recently bankruptcy cases including decisions by this Court in *In Re Blair, Supra,* and *In Re Ervin, Supra,* indicate that the above two-prong test (the "same class" requirement and the "relatedness" requirement) to the validity of future advance clauses would be applied in Tennessee. *In Re Gulla, Supra; In Re White Plumbing & Heating Co., Supra; In Re Porter,* BK No. 79–30043 (Bkrtcy.M.D.Tenn., Feb. 5, 1980); *In Re Johnson, Supra.*

In the *Blair* case, *supra,* the Debtor over a period of time obtained from a bank three loans which contained future advance clauses. The first loan was a personal loan secured by an automobile, the second loan was an unsecured business loan to a company and the Debtor personally guaranteed the loan, and the third loan was a personal loan to the Debtor which was secured by an automobile. This Court in *Blair* decided that the business loan was neither in the "same class" nor "related" to the personal loans and thus the balance of the business loan was not secured by the automobiles. This Court also held in that case that the balance of the first loan was also secured by the automobile pledged on the third loan because both the first and the third loans were personal loans signed by the Debtor as principal maker and secured by automobiles held for personal use, and therefore, were related to each other and in the same class.

In *In Re Porter, Supra,* Bankruptcy Judge Hippe declined to enforce a future advance clause in part, because the subsequent indebtedness consisted of business loans whereas the initial indebtedness had been in the nature of personal loans and thus, not of the "same class."

This Court ruled in *In Re Ervin, Supra,* that the future advance clause in a business loan secured by a Deed of Trust was invalid as to a subsequent loan to a third party which the Debtor co-signed on behalf of his business and personally endorsed. In *Ervin, Id.* at 4, this Court found that the second loan was so unrelated to the debts secured by the Deed of Trust that it could not be "within the contemplation and intent of the parties under the future advance clause".

In the present case, the Court finds that the construction loan and the building loan were not in the same class as the home loan. The first two loans were business loans, while the home loan was a personal loan.

Also, the Court cannot find that the construction and building loans were reasonably related to the home loan to the point that it could be inferred that the home mortgage would secure the other loans. Moreover, an official employed at PCA testified that if the loan was not in default, PCA would most likely release the home mortgage if the home loan was paid off.

The Court must conclude the two-pronged test mentioned above has not been met, and therefore, the mortgage on the Debtors' residence does not secure the deficiencies on the prior two loans.

If there were no decisions to rely on but *Murdock Acceptance Corp. v. Jones,* 50 Tenn.App. 431, 362 S.W.2d 266 (1961); *Wright v. Lincoln County Bank, Supra,* and *In Re White Plumbing & Heating Co., Supra,* cases cited to the Court by Defendant's counsel, and if the future advance clauses in question could be interpreted in a different manner, then the Court might be inclined to rule in favor of the Defendants. But the recent decisions by this Court and other courts on the issue at bar, provides the Court with a clear and equitable pathway to follow.

The test applied to future advance clauses in recent decisions including the case at bar nevertheless is consistent with the holdings in *Murdock, Wright,* and *White Plumbing,* in each of which both the primary indebtedness and the subsequent indebtedness were of a business or commercial nature.

The Court must therefore conclude that the deficiencies from the construction and building loans in the present case are not secured by a mortgage on the Debtors' home.

IT IS SO ORDERED.