Green, J.
delivered the opinion of the court.
This action is brought upon a covenant, executed on the 23d February 1822, by the defendant, Rogers, to John Davis, for $1000, payable in good .merchantable pork, the price of the pork to be governed by articles of agreement dated the 18th of December last; which co- *458 venaiit was on the same day assigned by said Davis to the plaintiff, Thomas Hopkins. The declaration sets out this covenant with the assignment, as also the one referred to in it, of the 18th of December 1821, in which it is stipulated that the defendant would pay Davis 11000 worth of pork on the 25th of November next after its date, to he delivered at said Rogers’ own house and at Isaac Hill’s ferry on Collins’river, and concludes with an averment that the defendant did not perform, &c.
To this declaration the defendant pleaded, that he resided in the county of Warren, and State of Tennessee, at the time the said covenant was executed, and has ever sinceresided in the said county and state, and the plaintiff failed to make any demand of the defendant at his residence, and give him notice of the time and place, or either, to pay him, the said plaintiff, the said pork in his declaration mentioned, &c.
To this plea the plaintiff demurred, which demurrer was overruled by the court. Upon the sufficiency of this plea, the only question raised at the bar, must depend. It is contended by the plaintiff, that both the contracts between the defendant and Davis, are to be taken together, as forming one contract, and that the one of the 18th day of December fixes the time and place of payment, and consequently the case is not within the act of 1807, ch. 95, sec. 1. The covenant of the 23d of February 1822, has no reference to the one of the 18th of December, for any other purpose than as indicating the rule by which the price of the pork was to be governed. It is anew and distinct contract, and as it does not contain any stipulation as to the place where the property was to be delivered, the defendant was entitled to the demand, or notice, prescribed in the act of 1807. But it is insisted, that this matter is not well pleaded, because it is not averred that the defendant had the pork ready at the time fixed for payment. No such averment was *459 necessary. The act says that no action shall be maintained on any such contract until such notice be given, or demand made, at the usual residence of the payor, provided such payor shall reside within the county where such contract shall have been made.” The payee is not excused from making the demand, or giving the notice required, (if where the time is stipulated and the place is not,) the payor shall not have the property ready at the time. The case of Tiernan vs. Napier, Peck’s Rep. 212, is wholly different from this. There the place was ascertained “at his furnace,” &c. and the time “so soon as it should be able to make the next blast.” The plea was, “That on the 18th of December 1820, his furnace was in blast, and that he had at that time on hand,” <fcc. “and then and there was ready and offered to pay,” &c. without averring that he always had been and yet was ready. The court say, that the plea was bad for want of this latter averment. The character of the plea in this case is wholly different. The act requires that the demand shall be made, or the notice given, if the payor reside in the county where the contract was made. The plea affirms the defendant’s residence in the county, and denies the demand or notice. This is sufficient in substance, and the form is well enough.
Rucies and Thompson, for plaintiff in error.
We are of opinion that there was no error in the circuit court in overruling the demurrer in this case, and that the charge to the jury upon the issue, is substantially correct. Let the judgment be affirmed.
Judgment affirmed.