A.G. ROGERS, Plaintiff–Appellant,

v.

FIRST TENNESSEE BANK NATIONAL ASSOCIATION, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

June 18, 1987.

Application for Permission to Appeal Denied by Supreme Court Oct. 5, 1987.

Brandt W. Davis, Knoxville, for plaintiff-appellant.

William S. Lockett, Jr., Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Knoxville, for defendant-appellee.

## OPINION

LEWIS, Judge.

Plaintiff, A.G. Rogers, has appealed from the trial court's dismissal of his complaint in which he alleged that a certain deed of trust was not additional security for a $400,000 note secured by another deed of trust.

The pertinent facts are as follows:

On April 20, 1978, plaintiff executed two separate promissory notes payable to the defendant, First Tennessee Bank. Each note was secured by a separate deed of trust.

One promissory note was in the principal sum of $400,000 and was secured by a deed of trust on approximately ninety-six acres of unimproved land (hereafter Trust Deed A). Specifically excluded from the description of the land in Trust Deed A was a tract containing 2.31 acres on which plaintiff's residence was located.

The second promissory note was in the principal sum of $50,000 and was secured by a deed of trust on the 2.31 acres (hereafter Trust Deed B).

Trust Deed A contains the following "other debt" clause:

This deed of trust also secures any extensions, renewals or modifications thereof and any other obligations of every kind and description, however arising, of A.G. Rogers or A.G. Rogers Company to the payee thereof, due or to become due, primary or secondary, direct or indirect, fixed or contingent, liquidated or unliquidated, now existing or hereafter contracted, and whether several, joint or joint and several.

Trust Deed B contains the following "other debt" clause:

In addition to the above described indebtedness, this instrument shall also secure (1) any and all other existing indebtedness or other obligations of [A.G. Rogers] now held by the holder of the indebtedness secured hereby, hereinafter called beneficiary, and any renewals thereof regardless of maturity, and (2) any and all future indebtedness which may be hereafter created by [A.G. Rogers], or any of them, and be held by the beneficiary, and any renewals thereof regardless of maturity, within a period of ten years from date and up to an amount not exceeding the amount of the original indebtedness secured hereby, whether said indebtedness is evidenced by note or notes, draft, check, account, or otherwise.

Plaintiff attempted to pay the defendant the balance owing on Loan B, conditioned upon defendant's releasing Trust Deed B. Defendant refused to do so, insisting that Trust Deed B is additional security for the promissory note secured by Trust Deed A.

The Chancellor, following an evidentiary hearing, first found that Trust Deed A and Trust Deed B were ambiguous but, on motion to rehear, found that the deeds of trust were not ambiguous and further, that there was no evidence in the record from which it could be found that "there was any fraud, accident or mutual mistake regarding [the notes or trust deeds]." He then dismissed plaintiff's complaint.

Plaintiff has presented the following two issues for our consideration:

## I

The trial court erred in reversing its previous ruling that the trust deeds in this case were ambiguous and that the cross-collateralization clause of Trust Deed "B" did not carry over to Trust Deed "A", and in granting defendant's motion to alter or amend this judgment and then ruling the instruments were not ambiguous, while also finding them to be inartful and paradoxical, and in granting judgment for defendant.

## II

The trial court was not bound by the sole issue of ambiguity in the language of the pre-printed forms used in these documents, and did not create the ambiguity that does exist. The Chancellor erred in failing to also consider the issues of mutual mistake, accident, and the intent of the parties not to have Trust Deed "B" cross-collateralize Trust Deed "A", and to interpret these mortgage clauses as a question of law in light of the unrefuted testimony of plaintiff, the evidence and applicable Tennessee law. The interpretation of these pre-printed, form mortgage clauses, and more specifically the "open end", "boiler plate dragnet", or "cross-collateral" clauses, as they are commonly called, by the Chancellor involved questions of law as well as fact, and the Chancellor erred in failing to look to the surrounding circumstances, the intent of the parties, and the applicable law to determine if the cross-collateral clause in Trust Deed "B" was intended to carry over to Trust Deed "A".

We discuss these together.

Plaintiff argues that the deeds of trust are ambiguous since both were executed the same day and Trust Deed A excluded the 2.31 acres which was covered by Trust Deed B. He argues that the "common sense reason being that plaintiff did not wish all the property to be encumbered by a single mortgage should he elect to sell his residence separate and apart from the acreage."

We agree with the findings of the Chancellor. There is nothing in the language of

either Trust Deed A or Trust Deed B which is ambiguous. The "other debt" clause in each is plain. Each "other debt" clause provides that the deed of trust shall secure any and all existing indebtedness or other obligations, or future indebtedness.

This Court, in *Murdock Acceptance Corporation v. Jones,* 50 Tenn.App. 431, 433, 362 S.W.2d 266, 267 (1961), held that the following "other debt" clause was "plain and unambiguous."

FOR THE PURPOSE OF SECURING the payment of the following indebtedness to Kensinger Acceptance Corporation or the owner thereof, viz: $5,000.00, together with any and all other indebtedness now or at any time due by the undersigned to the said Kensinger Acceptance Corporation Henry M. Jones and wife, Cora J. Jones hereby, bargain, sell, convey and confirm unto Wilbur Fair as Trustee * * *.

There is little, if any, difference in the *Murdock* language and the language of Trust Deeds A and B.

 In order to create an ambiguity in Trust Deed A or Trust Deed B it is necessary to go outside the four corners of the instruments. Under the circumstances here, we cannot do so. Courts must determine and effectuate the intention of the parties to a contract as expressed in the four corners of the contract. *Moore v. Moore,* 603 S.W.2d 736, 738–739 (Tenn.App. 1980). Neither the parties nor the courts may create an ambiguity in the contract when no such ambiguity exists and then apply rules of construction to favor one party to the agreement. *Edwards v. Travelers Indemnity Co.,* 201 Tenn. 435, 441, 300 S.W.2d 615, 617–618 (1957).

"A contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one. A strained construction may not be placed on the language used to find ambiguity when none exists." *Empress Health and Beauty Spa, Inc. v. Turner,* 503 S.W.2d 188, 190–191 (Tenn.1973).

Courts may not make new contracts for the parties "under the guise of unwarranted interpretation." *Central Drug Store v. Adams,* 184 Tenn. 541, 549, 201 S.W.2d

682, 686 (1947). We find no ambiguity in the instruments before us.

Plaintiff also insists that the Chancellor erred in failing to consider the issues of mutual mistake or accident.

This assertion is not supported by the record. The trial court specifically found that "the pleadings do not allege fraud, accident or mutual mistake, nor was any evidence offered that tended to show such." The record fully supports the finding of the Chancellor.

The statement of the evidence does show that plaintiff testified "that it was not the intent of [plaintiff] to cross-collateralize loan A by loan B" and that "there was never any discussion between plaintiff and defendant regarding cross-collateralization."

The uncommunicated intent of the plaintiff is not a mutual mistake of fact.

We have considered each of the cases cited by the plaintiff. They are either inapposite to the facts or, as in the case of the Iowa cases cited, have been expressly rejected by earlier Tennessee decisions. In *Wright v. Lincoln County Bank,* 465 S.W.2d 877, 881 (Tenn.App.1970), this Court stated: "Moreover, we do not consider the rule of construction followed in the Iowa case as consistent with the law of Tennessee."

We have looked to the four corners of the deeds of trust and have found nothing ambiguous or uncertain in them. They are plain on their face. Each of the deeds of trust cross-collateralizes the two separate promissory notes.

It therefore results that the judgment of the Chancellor is affirmed with costs assessed against the plaintiff and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

SANDERS and ANDERSON, JJ., concur.