**In re Jac'lyn Troutman WILLIE, Debtor.**

**Jac'lyn Troutman WILLIE, Plaintiff/Counter–Defendant,**

**v.**

**FIRST AMERICAN NATIONAL BANK, Defendant/Counter–Claimant.**

**Bankruptcy No. 393–01771. Adv. No. 393–00136.**

United States Bankruptcy Court, M.D. Tennessee.

Aug. 27, 1993.

Steven Lefkovitz, Nashville, TN, for plaintiff/counter-defendant.

David M. Smythe, Nashville, TN, for defendant/counter-claimant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether the "same class" test for enforcement of future advance clauses in security instruments, announced by this court in *Third Nat'l Bank v. Johnson (In re Johnson)*, 9 B.R. 713 (Bankr.M.D.Tenn.1981), survived the enactment of Tenn.Code Ann. § 47–50–112(b) in 1983. The "same class" rule was repudiated by the Tennessee legislature. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

## I.

On March 9, 1990, the debtor and her non-debtor husband borrowed $30,000 from First American National Bank ("FANB"). This was a personal loan, secured by a deed of trust on real property jointly owed by the debtor and her spouse. The deed of trust contained the following "future advance" clause:

> This Security Instrument secures to Lender the repayment of any and all present or future, direct or contingent, liabilities and indebtednesses of any Borrower ... to Lender of any nature whatsoever, regardless of the class of other indebtedness, be it secured or unsecured, subject to any limits hereinafter set forth, except that such liabilities and indebtednesses, (hereinafter, the "Secured Debt," which term shall include the Primary Debt), other than the Primary Debt, shall not include any debt subject to the disclosure requirements of the Federal Truth-in-Lending Act if at the time such liability or indebtedness is incurred any legally required disclosure of the lien afforded hereby respecting such debt shall not have been made....

The debtor's spouse owned a corporation, Head Construction Company. On March 14, 1990, Head borrowed $20,000 from FANB. The debtor's spouse executed a continuing personal guaranty of all debts owed by Head to the bank. Head subsequently received two additional loans from FANB.

The debtor and her husband then divorced. The jointly-owned real property was conveyed to the debtor pursuant to a marital dissolution agreement.

The debtor and her spouse defaulted on the $30,000 personal loan from FANB. Head defaulted on its three loans. FANB scheduled a foreclosure sale to recover all four loans from the sale of the real property. Foreclosure was stayed by bankruptcy.

The debtor filed this adversary proceeding to determine whether FANB's lien on her real property secured only the first "personal" loan or whether it also secured the three "business" loans to her ex-husband's company. The debtor argues that FANB's future advance clause is unenforceable because the three loans to Head are not of the "same class" as the first (personal) loan. In the alternative, the debtor argues that the future advance clause in the deed of trust is not worded correctly to include the three subsequent loans to her ex-husband's company. The bank responds that all four loans are secured by the original deed of trust because the future advance clause is correctly worded and is enforceable pursuant to Tenn.Code Ann. § 47–50–112(b) (1988).

## II.

■ In 1981, this court held that future indebtedness could be secured by a future advance clause in a security instrument if the subsequent debt was "'of the same class as the primary obligation secured by the instrument and so related to it that the consent of the debtor to its inclusion may be inferred.'" *Third Nat'l Bank v. Johnson (In re Johnson)*, 9 B.R. 713, 715 (Bankr.M.D.Tenn.1981) (quoting 2 G. Gilmore, Security Interests in Personal Property § 35.5, at 932 (1965)). That holding was followed by this and other Tennessee bankruptcy courts. *See In re Bates*, 35 B.R. 475 (Bankr.M.D.Tenn.1983); *Blair v. Memphis Bank & Trust Co. (In re Blair)*, 26 B.R. 228 (Bankr.W.D.Tenn.1982); *Blurton v. Dyersburg Prod. Credit Ass'n (In re Blurton)*, 26 B.R. 508 (Bankr.W.D.Tenn. 1983). *See also In re White Plumbing & Heating Co.*, 6 U.C.C. Rep.Serv. 467, 1969 WL 11060 (Bankr.E.D.Tenn.1969).

In 1983, the Tennessee legislature enacted Tenn.Code Ann. § 47–50–112(b):

(b) Any contract, security agreement, note, deed of trust, or other security instrument, in writing and signed or en-

dorsed by the party to be bound, that provides that the security interest granted therein also secures other provisions or future indebtedness, *regardless of the class of other indebtedness, be it unsecured, commercial, credit card, or consumer indebtedness*, shall be deemed to evidence the true intentions of the parties, and shall be enforced as written. . . .

Tenn.Code Ann. § 47–50–112(b) (1988) (emphasis added).

Tenn.Code Ann. § 47–50–112(b) unambiguously overrules the holding of *In re Johnson*. This conclusion is fully supported by its legislative history.[1] House Bill 915, which became Tenn.Code Ann. § 47–50–112(b),[2] was debated on the floor of the Tennessee House of Representatives on April 27, 1983. During the debate, Representative Webb, the sponsor of House Bill 915, stated that the bill was intended to endorse the use of cross-collateralization and future advance clauses in Tennessee debt instruments. Representative Webb noted that although financial institutions had been using such devices for many years, "a bankruptcy court" had recently held that cross-collateralization was not enforceable in Tennessee if the loans involved were of different classes. Section 47–50–112(b) was intended to correct the situation by allowing a person "who has a loan of one type to use that same collateral for a loan of another type," without the trouble and expense of re-recording the original debt instrument.

The Tennessee legislature intended, in 1983, to overrule the "same class" holding in *In re Johnson*, and Tenn.Code Ann. § 47–50–112(b) accomplished that intent.

## III.

■ The debtor's alternative argument that the bank failed to use the proper language to accomplish an enforceable future advance clause is unsupported by the facts. Future advance clauses and dragnet clauses have long been enforced by Tennessee

---

**1.** Legislative history for the enactments of the Tennessee legislature is available only by listening to audio tapes maintained at the State Archives.

**2.** The corresponding Senate bill was Senate Bill 618.

courts. *See Murdock Acceptance Corp. v. Jones,* 50 Tenn.App. 431, 362 S.W.2d 266 (1961); *Wright v. Lincoln County Bank,* 62 Tenn.App. 560, 465 S.W.2d 877 (1970); *Johnson v. Midland Bank & Trust Co.,* 715 S.W.2d 607 (Tenn.Ct.App.1986); *Rogers v. First Tenn. Bank Nat'l Ass'n,* 738 S.W.2d 635 (Tenn.Ct.App.1987); *First Southern Bank v. McCullough,* 32 U.C.C. Rep.Serv. 1321, 1982 WL 171041 (Tenn.Ct. App.1982). The focus of the reported Tennessee cases has been whether the language in the security instrument was plain and unambiguous so that a layperson could comprehend its meaning. *Murdock,* 362 S.W.2d at 270; *Wright,* 465 S.W.2d at 880; *Johnson v. Midland Bank & Trust Co.,* 715 S.W.2d at 612; *Rogers,* 738 S.W.2d at 636–37. FANB's deed of trust secures "the repayment of any and all present or future, direct or contingent, liabilities and indebtednesses ... of any nature whatsoever, regardless of the class of other indebtedness, be it secured or unsecured." This language is plain, it is unambiguous, and a layperson could comprehend its meaning.

▓ That this language is not a word-for-word quotation of Tenn.Code Ann. § 47–50–112(b) is not fatal to its effect. Nothing in Tenn.Code Ann. § 47–50–112(b) or in its legislative history suggests that the Tennessee legislature intended to require the exact language of the statute in order to enforce a future advance clause. The bank's deed of trust is clear and unambiguous, and this is all that the statute or the Tennessee courts require.[3] *Rogers,* 738 S.W.2d at 636–37; *Johnson v. Midland Bank & Trust Co.,* 715 S.W.2d at 612; *Wright,* 465 S.W.2d at 880; *Murdock,* 362 S.W.2d at 270.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DE-

CREED that Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

---

3. There is one bankruptcy case in which the court refused to enforce a future advance clause where doing so would "produce an unconscionable result." *Cox v. Union County Bank (In re Cox),* 57 B.R. 290, 297 (Bankr.E.D.Tenn.1986). No claim of unconscionability has been raised in this adversary proceeding.