**In re Walter Homer BROOKS, Betty Sue Brooks, Debtors.**

**No. 01–13314.**

United States Bankruptcy Court,
E.D. Tennessee,
Southern Division.

March 5, 2002.

---

Kenneth C. Rannick, Kenneth C. Rannick, P.C., Chattanooga, TN, for Debtors.

Carol Walker Carter, Chattanooga, TN, for C. Kenneth Still, Trustee.

Charles Paty, Paty, Rymer & Ulin, Chattanooga, TN, for Combustion Federal Credit Union.

### MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

The chapter 13 trustee objects to confirmation of the debtors' modified chapter 13 plan. The first objection relates to the plan's treatment of the claim filed by Combustion Federal Credit Union.

The debtors, Mr. and Mrs. Brooks, obtained a $13,000 loan from Combustion Federal Credit Union in July 1996. Mr. and Mrs. Brooks executed a mortgage on real property to secure the debt. In May 1998 Mrs. Brooks obtained a Visa credit card from Combustion Federal. About three years later, Mr. and Mrs. Brooks filed their chapter 13 case. Combustion Federal filed a secured claim for both the mortgage debt and the credit card debt. The modified plan treats both debts as secured by the mortgage.

The trustee's objection is based on his contention that the credit card debt is *not* secured by the mortgage. If the credit card debt is not secured, then the plan creates two classes of unsecured claims. One class includes only Combustion Federal's credit card claim, which will be paid in full. The other class includes all the other unsecured claims, which will be paid much less than 100%. Combustion Federal does not dispute the trustee' calculations on this point.

■ A plan can create classes of unsecured claims, but it cannot be confirmed if it discriminates unfairly against a class. 11 U.S.C. §§ 1322(b)(1) & 1325(a)(1). The debtor has the burden of proving that a classification does not unfairly discriminate; as a result, the courts have generally treated any discrimination as unfair unless the debtor proves otherwise. *See McDonald v. Sperna (In re Sperna)*, 173 B.R. 654 (9th Cir. BAP 1994); *In re Regine*, 234 B.R. 4 (Bankr.D.R.I. 1999); *In re Chacon*, 223 B.R. 917 (Bankr. W.D.Tex.1998); *In re Martin*, 189 B.R. 619 (Bankr.E.D.Va.1995); *In re Bernal*, 189 B.R. 507 (Bankr.S.D.Cal.1995). For the purpose of argument, the court assumes the favored creditor can also attempt to prove the discrimination is fair.

■ Classifying one unsecured claim for full payment and all others for a much lower percentage is presumptively unfair discrimination; it requires the court to deny confirmation unless the debtor or the creditor proves the discrimination is fair. The debtors and Combustion Federal have not attempted to prove the alleged discrimination is fair. Therefore, the court must deny confirmation if the trustee prevails on his argument that the credit card debt is unsecured.

■ Non-bankruptcy law generally determines the validity and extent of a claim. The parties have assumed that Tennessee law applies in determining the meaning of the contracts; the court sees no reason to disagree. *In re AVN Corp.*, 248 B.R. 540 (Bankr.W.D.Tenn.2000); *Vantage Technology, LLC v. Cross*, 17 S.W.3d 637 (Tenn. Ct.App.1999); *see also Deaton v. Vise*, 186 Tenn. 364, 210 S.W.2d 665 (1948).

The trustee's argument focuses on the "other debts" clause of the mortgage. According to the trustee, it applies to other debts owed jointly by Mr. and Mrs. Brooks but not to other debts owed by Mr. Brooks individually or by Mrs. Brooks individually.

If Mr. Brooks is also liable for the credit card debt, then the credit card debt comes within the other debts clause. Nothing in the credit card application or contract makes Mr. Brooks liable for the credit

card debt. Mrs. Brooks signed the documents, and she did not fill out any portions that could have made Mr. Brooks liable for the credit card debt. The credit card agreement also does not contain any "other security" clause that could make the mortgage secure the credit card debt.

The mortgage note does not contain any provision that would make the mortgage secure other debts. The key question, then, is whether the other debts clause in the mortgage applies to the credit card debt.

The pre-printed paragraphs of the mortgage do not contain an "other debts" clause. The "other debts" clause comes from Exhibit A to the mortgage. Exhibit A contains a description of the mortgaged property and the following other debts clause:

> This instrument is executed to secure the grantors indebtedness to the Combustion Federal Credit Union, evidenced by a note executed by the grantors to the order of Combustion Federal Credit Union, of even date herewith, due and payable as above indicated and to secure any renewal of same and all future advances hereafter made, and any other note, account, debt or obligation whatsoever of the grantors, direct or contingent, primary or secondary, now or hereafter held by the Combustion Federal Credit Union, or holder or assignee hereof during the term of this deed of trust.

For the purpose of argument, the court assumes that Exhibit A was validly incorporated into the mortgage. The other debts clause then becomes one of "the Borrower's covenants and agreements" under the mortgage. The mortgage identifies the "Borrower" as "Walter H. Brooks and wife, Betty Arnold Brooks." This leads to the argument that the mortgage secures other debts only because it secures the "Borrower's" covenants and agreements, particularly the other debts clause, and this restricts the other debts to the joint debts of Mr. and Mrs. Brooks because the mortgage identifies them as the "Borrower."

Suppose the court decides that the other debts clause includes the joint debts of Mr. and Mrs. Brooks and separate debts of each because "grantors" means Mr. and Mrs. Brooks jointly and each of them individually. Would this interpretation of the other debts clause be cut back to the couple's joint debts on the basis of the argument stated above? The court thinks not.

Since the other debts clause expressly provides that the mortgage secures other debts, the clause can be given effect independently of the provision that the mortgage secures the "Borrower's" covenants and agreements. The court cannot reasonably hold that the mortgage secures other debts only because it secures the "Borrower's" covenants and agreements.

Furthermore, paragraph 12 of the mortgage provides that the borrower's covenants and agreements are joint and several. In light of paragraph 12, "the Borrower's covenants and agreements" does not mean that all the covenants and agreements are joint but not several or that the mortgage secures the covenants and agreements only to the extent they are joint. Paragraph 12 also eliminates the theory that the other debts clause cannot include any individual debts of Mr. or Mrs. Brooks because they agreed jointly, but not as individuals, to secure other debts. Paragraph 12 means the court must interpret the other debts clause itself to determine the scope of the other debts that are included.

Later in this opinion, the court will have more to say on the effect of paragraph 12. For now, the court concludes that the defi-

nition of "Borrower" together with the provision that the mortgage secures the "Borrower's" covenants and agreements do not prevent the other debts clause from securing the individual debts of either Mr. or Mrs. Brooks.

■ The trustee argues that the other debts clause applies only to the joint debts of Mr. and Mrs. Brooks because it applies to other debts "of the grantors"—not to other debts "of the grantors or either of them" or other debts "of any of the grantors." Combustion Federal argues that "of the grantors" means "of both grantors or any grantor."

The trustee relies primarily on Judge Parsons' decision in *In re Lemka*, 201 B.R. 765 (Bankr.E.D.Tenn.1996). The decision involved a mortgage executed by the debtors, a husband and wife, and his mother. The mortgage identified the "Borrower" as the three of them. The other debts clause applied to other debts owed by the "Borrower" to the lender. Judge Parsons held that the other debts clause applied only to debts owed by all three jointly since "Borrower" was consistently used to mean three or them as a group.

Judge Parsons relied on the commonness in loan documents of wording that clearly includes the other debts of each joint debtor. *Lemka*, 201 B.R. 765, 769, *citing Rogers v. First Tennessee Bank*, 738 S.W.2d 635 (Tenn.Ct.App.1987) (or any of them); *Duncan v. Claiborne County Bank*, 705 S.W.2d 663 (Tenn.Ct.App.1985) (or either of them); *Wright v. Lincoln County Bank*, 62 Tenn.App. 560, 465 S.W.2d 877 (1970) (undersigned or either); *Citizens Bank & Trust Co. v. Gibson*, 490 N.E.2d 728 (Ind.1986). *See also First Commonwealth Bank v. West*, 55 S.W.3d 829 (Ky.Ct.App.2000) (borrower or any of them); *Schmitz v. Grudzinski*, 141 Wis.2d 867, 416 N.W.2d 639 (1987) (any customer); *Bank of Brewton v. General Motors Accep-*

*tance Corp.*, 811 F.Supp. 648 (S.D.Ala. 1992) (any debtor).

The *Murdock* decision by the Tennessee Court of Appeals could be interpreted to say that when multiple debtors agree to an other debts clause, then the clause necessarily covers the individual debts of each of the multiple debtors. *Murdock Acceptance Corp. v. Jones*, 50 Tenn.App. 431, 362 S.W.2d 266 (1961). But this is an overly broad interpretation of *Murdock.* The other debts clause in *Murdock* applied to debts due from "the undersigned," and both debtors signed. When more than one debtor signs an agreement, "the undersigned" is not a description that fits only the debtors as a group; it just as easily describes debts any one of the debtors who signed.

The result in *Murdock* was obvious for another reason, as pointed out in *Lemka.* The husband and wife signed the mortgage to secure a loan to the husband. The question was whether the other debts clause in the mortgage applied to a later debt owed by the husband. The other debts clause in the mortgage was obviously intended to apply to other debts of the same borrower, the husband. *Lemka*, 201 B.R. 765, 770.

Finally, in *Murdock* the court was not concerned with whether the other debts clause included both joint and individual debts. All the debts were owed by the husband individually. The question was whether the other debts clause applied only to debts arising from the loans made to the husband to acquire cars for his used car business. The trial court had imposed that limit. The court of appeals reversed because the other debts clause was not expressly limited to debts for wholesale financing.

Judge Parsons cited several cases from other jurisdictions that agreed with her

reasoning. *Lemka*, 201 B.R. 765, 769. They did not include an Iowa decision that interpreted "mortgagors" to mean the mortgagors jointly but not individually. *Farmers Trust and Savings Bank v. Manning*, 311 N.W.2d 285 (Iowa 1981). In *Wright* and *Murdock*, the Tennessee Court of Appeals distinguished decisions from Iowa. *Wright v. Lincoln County Bank*, 62 Tenn.App. 560, 465 S.W.2d 877, 881 (1970); *Murdock Acceptance Corp. v. Jones*, 50 Tenn.App. 431, 362 S.W.2d 266, 270 (1961). Even if the law in Iowa differs from the law in Tennessee, the differences are not significant to the Iowa Supreme Court's interpretation of "mortgagors" in the cited case.

Combustion Federal argues that the plural "grantors" is the correct usage to refer to Mr. and Mrs. Brooks as a group or as individuals. It avoids the problem with a singular noun, such as "borrower," that is defined to include two or more people; that descriptive technique seems to always treat the debtors as a group, instead of the group or the individuals. According to Combustion Federal, "grantors" recognizes that there are separate grantors; each person is a grantor, but since there are two of them, they must be referred to as the grantors.

■ Therein lies the problem. The two of them are the grantors, and that appears to mean the two of them acting jointly, not separately. If the agreement was supposed to refer to each of them individually, it could easily have said "the grantors or either of them", "the grantors or any of them", or an equivalent phrase. The problem with Combustion Federal's argument is that "grantors" is ambiguous, and the terminology for avoiding the ambiguity is well known. Milton Roberts, Annotation, *Debts Included in Provision of Mortgage Purporting to Cover All Future and Existing Debts (Dragnet Clause)—Modern Sta-* *tus*, 3 A.L.R.4th 690 § 14 (1981). Since Combustion Federal drafted the agreement, the ambiguity should be interpreted against it. *Spiegel v. Thomas, Mann & Smith*, 811 S.W.2d 528 (Tenn.1991); *Marshall v. Jackson & Jones Oils, Inc.*, 20 S.W.3d 678 (2000). Based on this reasoning by itself the court would agree with the trustee; other debts "of the grantors" means other joint debts of Mr. and Mrs. Brooks. But the court cannot reach a final decision without considering the effect of paragraph 12 or the mortgage.

■ Paragraph 12 of the mortgage provides that "Borrower's covenants and agreements shall be joint and several." What does this mean? This provision obviously requires the other debts clause to be interpreted as follows:

> The grantors [Mr. and Mrs. Brooks jointly, Mr. Brooks individually, and Mrs. Brooks individually] agree that the mortgage secures other debts of the grantors.

Combustion Federal can overcome the ambiguity if the bracketed meaning of "grantors" is used both times the word appears in the other debts clause:

> The grantors [Mr. and Mrs. Brooks jointly, Mr. Brooks individually, and Mrs. Brooks individually] agree that the mortgage secures other debts of the grantors [Mr. and Mrs. Brooks jointly, Mr. Brooks individually, and Mrs. Brooks individually].

The question is whether this interpretation is required in order to make the covenant or agreement joint and several. One argument for this interpretation is that a contract would not include joint and several consent to secure other debts if the other debts included joint debts and not individual debts.

State law is likely to provide that each joint owner of property has a separate

interest in the property. In the case of a husband and wife, there will be their interest, her interest, and his interest in the property. *Geddes v. Livingston (In re Livingston)*, 804 F.2d 1219 (11th Cir.1986); *Jones v. McGivern*, 274 Ala. 232, 147 So.2d 813 (1962). When the collateral is property owned jointly by a husband and wife, it is important for the lender to have the agreement of the husband and wife jointly, the husband separately, and the wife separately that the mortgage will secure other debts *even if* the agreement applies only to other joint debts of the husband and wife. Therefore, the court disagrees with the argument that joint and several consent to secure other debts necessarily implies that joint and several debts are included.

The more difficult question is whether the covenant or agreement—the other debts clause—must apply to joint debts and individual debts in order for it to be joint and several as required by paragraph 12. What does it mean for a covenant or agreement to be joint and several? It obviously means that the action, the giving of consent to secure other debts, is joint and several. Does it also define "grantors" to mean the same thing every time it appears in the other debts clause? Logic does not provide a clear answer, and that is the key problem for Combustion Federal. Paragraph 12 does not solve the ambiguity in "grantors." The other debts clause could have easily removed the ambiguity by the well known tactic of adding a phrase such as "or either of them" after "of the grantors." Since Combustion Federal provided the written contract with the ambiguity, the court interprets against Combustion Federal. The result is that the other debts clause can apply only to other joint debts of Mr. and Mrs. Brooks, and Mrs. Brooks' separate credit card debt to Combustion Federal is not secured.

■ Up to this point, the court has assumed that the mortgage incorporated the other debts clause in Exhibit A. The facts, however, do not support that assumption. The mortgage refers to Exhibit A twice. The first reference includes the statement that Exhibit A is attached to the mortgage and "made a part" of it.

■ When a contract refers to another document, the reference does not necessarily incorporate all the terms of the other document. It may incorporate only some of the terms. The contract may refer to the other document for a particular purpose that does not bring in all the terms of the other document. 17 Am. Jur.2d *Contracts* § 400 (1991). The question is whether the mortgage referred to and incorporated Exhibit A only for the purpose of describing the property, and not for the purpose of securing other debts.

The mortgage first refers to Exhibit A in the following passage:

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of the Security Instrument; and (c) the performance of the Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in Jackson County, Alabama:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of 1108 Diamond Avenue, Bridgeport Alabama 35740.

This wording leaves no doubt that Exhibit A was supposed to be a description of the property. Combustion Federal may have intended to incorporate both the property description and the other debts clause by stating that Exhibit A was "made a part" of the mortgage. The court fails to see how this language broadens the stated purpose for referring to Exhibit A—to provide a description of the property.

The mortgage contains a second reference to Exhibit A. Toward the end of the mortgage, paragraph 24 provides:

"Riders to this Security Instrument." If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the riders were a part of this Security Instrument. [Check applicable box(es).]

There follows a list of various kinds of riders, each with a check box to the side. The "Other(s)" box is checked. To the right of "Other(s)" is the word "specify" in brackets. The words "Legal Description" were typed in to the right of "specify." The second reference to Exhibit A identifies it again as a description of the mortgaged property.

■■■ The court concludes that the mortgage did not incorporate and does not include the other debts clause in Exhibit A because the mortgage refers to Exhibit A solely for the purpose of describing the property, not for the purpose of adding other terms to the mortgage. *See Hopkins v. Rogers*, 11 Tenn. 457 (1832); *Frierson v. International Agricultural Corp.*, 24 Tenn.App. 616, 148 S.W.2d 27 (1940); *see also Western Washington Corporation of Seventh–Day Adventists v. Ferrellgas, Inc.*, 102 Wash.App. 488, 7 P.3d 861 (2000); *I.C.C. Protective Coatings, Inc. v. A.E.*

*Staley Manufacturing Co.*, 695 N.E.2d 1030 (Ind.Ct.App.1998); 17 Am.Jur.2d Contracts § 400 (1991).

In summary, the court holds that the credit card debt is not secured because (1) the other debts clause does not apply to debts owed solely by Mr. Brooks or debts owed solely by Mrs. Brooks, or (2) the other debts clause was not incorporated into the mortgage.

Having concluded that the credit card debt is not secured, the court must deny confirmation of the plan on the ground that it classifies unsecured claims and unfairly discriminates between the classes.

This brings the court to the trustee's other ground for objecting to confirmation. The plan provides that First National Bank has an allowed secured claim and that the debtors will pay it directly. The plan does not state the amount of the payment. First National Bank has not filed a proof of claim. The debtors have not filed a proof of claim on its behalf. The lack of information with regard to the treatment of First National's claim prevents the trustee and the court from determining whether the plan meets all the confirmation requirements. It leaves the trustee and the court in the dark with regard to several of the general standards—feasibility, good faith, and unfair discrimination. 11 U.S.C. §§ 1322(b)(1) & 1325(a)(1), (3), (6). Therefore, the plan cannot be confirmed, but the debtors will be allowed fifteen (15) days to file a modified plan.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed. R. Bankr.P. 7052.

### *ORDER*

In accordance with the court's Memorandum entered this date,

It is ORDERED that the objection to confirmation is sustained and confirmation of the plan is denied;

It is further ORDERED that the debtors shall have fifteen (15) days from the entry of this order to file a modified plan; and

It is further ORDERED that if the plan is not modified within the time allowed, the case shall be dismissed without further hearing, there being no confirmable plan before the court. 11 U.S.C. § 1307(c)(5).