IN THE COURT OF APPEALS OF TENNESSEE

FILED

June 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

TAMMY BORING WILSON,          ) C/A NO. 03A01-9610-CH-00322
                             )
        Plaintiff-Appellee,  )
                             )
                             )
                             )
                             ) APPEAL AS OF RIGHT FROM THE
v.                           ) BLOUNT COUNTY CIRCUIT COURT
                             )
                             )
                             )
                             )
TERRY LEE WILSON,            )
                             ) HONORABLE W. DALE YOUNG,
        Defendant-Appellant. ) JUDGE


For Appellant                      For Appellee

MARTHA MEARES                      R. D. HASH
Maryville, Tennessee               Maryville, Tennessee

JOYCE, MEREDITH, FLITCROFT
 & NORMAND
Oak Ridge, Tennessee


O P I N I O N


AFFIRMED, AS MODIFIED
REMANDED                                        Susano, J.

1

This is a post-divorce dispute. The trial court awarded Tammy Boring McLeod, whose last name was formerly Wilson, a judgment for $3,386.15 against her former husband, Terry Lee Wilson, "for the sole and exclusive use and benefit of Misty Dawn Wilson as reimbursement for college expenses." The trial court found this amount to be the college expenses incurred by the parties' now-adult daughter, Misty,[1] for three semesters of college. The Court ruled that Ms. McLeod was entitled to a judgment for this amount pursuant to the following provision of the parties' marital dissolution agreement:

> That the Husband shall pay the expenses of a
> college education for the parties' minor
> children if they desire to further their
> education by way of college.

Mr. Wilson appealed, raising six issues. In effect, this appeal questions the correctness of the award *in toto*, as well as the propriety of including certain types of expenses as "expenses of a college education." The question for our determination is whether the evidence preponderates against the trial court's judgment. *See* Rule 13(d), T.R.A.P.

Mr. Wilson argues that he is only liable for Misty's college expenses to the extent they exceed funds available to her from her savings account. This account was set up at Misty's birth with a small deposit by her grandfather. The parties disagree as to how the remaining funds in that account were

---

[1] For ease of reference, the parties' daughter will be referred to in this opinion by her first name.

thereafter accumulated.  Mr. Wilson testified that the savings account was intended to provide at least some of the funds for Misty's college education.  Ms. McLeod and Misty dispute this.

The trial court correctly held that the savings account was not material to the issue before us.  Mr. Wilson's obligation to pay his daughter's college expenses, *as set forth in the marital dissolution agreement*, is not tied, in any way, to the savings account.  We must focus, as the trial court did, on the parties' intent, *as expressed in their marital dissolution agreement.  See Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.,* 521 S.W.2d 578, 580 (Tenn. 1975).  There is nothing in the parties' agreement to suggest that Mr. Wilson's obligation was contingent upon the exhaustion of the funds in the savings account.  This issue is without merit.

Mr. Wilson did not dispute the fact that tuition, books and school supplies were included within the words "expenses of a college education."  It is clear that the relevant provision in the marital dissolution agreement contemplates these types of expenses.  The trial court so found, and Mr. Wilson did not question this finding in his testimony; nor does he argue against such a finding on this appeal.  What he does contest is the trial court's finding that his obligation applies to school lunches totaling $650 and gas for Misty's car in the amount of $572.00.

3

Mr. Wilson contends that his contractual obligation[2] is subject to an implied condition of reasonableness, citing *Moore v. Moore*, 603 S.W.2d 736, 739 (Tenn.App. 1980). We agree; however, as it pertains to Misty's lunch expense and gas needs, we do not find it necessary to decide whether these categories of expenses are reasonable college expenses in this case. This is because we find that the evidence preponderates against the trial court's finding that Mr. Wilson failed to satisfy his obligation with respect to these expenses, even assuming they are reasonable college expenses under the marital dissolution agreement.

The record is clear that Misty attended a college--the Blount County campus of Pellissippi State--that is approximately five miles from where she lived with her father, Mr. Wilson. Her classes were over at 1:00 p.m. Food was available to her at home. There were occasions when she availed herself of the opportunity to eat lunch at home. Given the fact that lunch was readily available to her at home, a short distance from Pellissippi State, we find that the evidence preponderates against a finding that Mr. Wilson has not satisfied any obligation he had with respect to her lunch needs.

The trial court calculated Misty's gas expenses based on an allowance of 22 cents per mile; but this ignores the fact that such an allowance includes elements other than gas, e.g., depreciation, maintenance, and the like. It is clear in this

---

[2]Mr. Wilson acknowledges that his obligation is contractual in nature, citing *Penland v. Penland,* 521 S.W.2d 222, 224-25 (Tenn. 1975).

4

case that Mr. Wilson furnished Misty a car for the short drive to and from school. We do not believe it appropriate in this case to burden him with a per-mile charge. Assuming transportation was a reasonable college expense in this case, we find that the evidence preponderates against the trial court's finding that Mr. Wilson has not satisfied this obligation. We find that he furnished Misty's transportation. There is insufficient evidence in this case to warrant a finding that Mr. Wilson owes an additional transportation expense of $572.

The judgment of the trial court is modified by reducing the amount of the award from $3,386.15 to $2,164.15. Exercising our discretion, we tax the costs to the appellant. This case is remanded to the trial court for enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

5