IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2002

## BEHI HAMIDY v. W. DYRK HALSTEAD

**Appeal from the Chancery Court for Williamson County**
**No. 27645     R. E. Lee Davies, Judge**

---

**No. M2001-02791-COA-R3-CV - Filed December 5, 2002**

---

This is a suit for breach of contract wherein the trial court held that a promissory note, rendered non-negotiable by provisions relating to payment prior to maturity by means other than money, was nonetheless a binding contract between the parties thereto. Holding that parol evidence was inadmissible to vary the unambiguous terms of the contract, the trial court entered judgment for the plaintiff. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

J. Britt Phillips and Robbie T. Beal, Franklin, Tennessee, for the appellant, W. Dyrk Halstead.

Larry D. Craig, Nashville, Tennessee, for the appellee, Behi Hamidy.

### OPINION

Appellee, Behi Hamidy, and Appellant, W. Dyrk Halstead, were long time friends. They entered into a written agreement on December 15, 1997. At that time, Halstead was a physician practicing in Williamson County, was also a founder and shareholder in Computer Sentry Software, Inc., a Tennessee corporation providing security software for computers. Hamidy was interested in investing in Computer Sentry Software, Inc. On December 15, 1997, Hamidy went to the office of Halstead and wrote him a check in the amount of $50,000, indicating thereon that it was a "loan." Halstead produced a document labeled "promissory note." This document provided in pertinent part:

> For value received, the undersigned promises to pay to the order of Behi Hamidy, the original principal amount of Fifty Thousand Dollars ($$50,000.00). The note is payable on or before December 31, 1999 and shall bear interest at the rate of 8 percent (8%) per annum. Interest shall be paid when note is due. Bearer has the

option to demand payment on due date in cash plus interest or 1000 shares of Class A Computer Sentry Software, Inc. stock. Borrower may prepay without penalty in either cash or Class A Computer Sentry Software, Inc. stock in which he has equitable interest.

The undersigned waives presentment, demand for payment, notice of dishonor, notice of protest, and protest, and all other notices or demands in connection with the delivery, acceptance, performance, or default on this instrument, except as hereinafter set out. If any payment hereunder is not made when due and such default is not cured within ten days after written notice thereon shall, at the holders option, become immediately due and payable. This note shall bear interest after default at the rate of two percentage points over the prime lending rate charged by First Tennessee Bank, Franklin, TN, to their most creditworthy customers. This note may be prepaid without penalty. This note shall be construed and interpreted pursuant to the local laws of the State of Tennessee.

Both Hamidy and Halstead signed the document. The parties agree that the document is probably not a negotiable instrument because of the alternative medium of payment prior to maturity. *See* Tenn. Code Ann. § 47-3-104(a)(3). Since the non-negotiable nature of the instrument does not effect the original obligations of the parties to the agreement, that finding is immaterial to the issues drawn in the case between the parties.

It is undisputed that the bearer Hamidy did not demand payment on the due date (Dec. 31, 1999), either in cash plus interest or by 1000 shares of Class A Computer Sentry Software, Inc. stock. It is likewise undisputed that the borrower, Halstead, did not attempt to prepay prior to the maturity date, either in cash or by Class A Computer Sentry Software, Inc. stock in which he had an equitable interest.

Halstead insists that the written agreement is not the agreement of the parties and that the actual agreement was oral and occurred prior to December 15, 1997. He insists that Hamidy, in fact, purchased stock from him in Computer Sentry Software, Inc. at $50 per share, believing that the stock would dramatically increase in value and expecting a substantial profit from the investment. The stock, however, decreased in value and on the maturity date in the contract, was worth only $20 per share.

The trial court held that the December 15, 1997 contract was unambiguous and that parol evidence was inadmissible to alter, contradict, or vary the terms of the written instrument. Said the trial court:

> 1. Plaintiff introduced the written agreement signed by both parties and a check for $50,000 made payable to the defendant. It was undisputed the written agreement and the check were executed on December 15, 1997.
> 2. Plaintiff testified that he gave the defendant $50,000 and that he had the option of recouping this money in cash plus interest or in the form of stock in

Computer Century Software, Inc. He testified the defendant promised him in no event would he receive less than his $50,000 investment. The written agreement signed by the parties does provide the plaintiff with the option of demanding cash plus interest or 1,000 shares of Computer Century Software, Inc. on the due date. The cont[r]act also provided that the defendant could prepay this obligation without penalty in either cash or stock.

3. Although the written agreement is captioned Promissory Note it does not meet the requirements of a promissory note in that it fails to provide for the repayment of a sum certain. This is due to the option contained in the agreement for payment to be made by 1,000 shares of stock.

4. Defendant contends the agreement between the parties was not a loan but in reality an agreement to sell shares of the defendant's stock which was restricted as of December 15, 1997.

5. The defendant failed to prepay his obligation prior to the due date of December 31, 1999. After the due date, plaintiff exercised his option and demanded the defendant pay $50,000 plus interest.

6. Rather than repay in cash, defendant contends he is entitled to transfer 1,000 shares of Computer Century Software, Inc. pursuant to the oral agreement of the parties. Defendant admits this oral agreement was not a modification of the written agreement or entered into subsequent to the written agreement. Instead defendant claims the written agreement simply does not contain the true intention of the parties which was that instead of a loan as evidenced by the check and "Promissory Note", this was actually an agreement to sell stock.

7. The Parol Evidence Rule prevents the receipt of evidence for the purpose of varying, adding to, detracting from, or contradicting the terms of a document when the contract is unambiguous. However, parol evidence has been admissible where (1) the evidence tends to establish an independent collateral agreement that does not conflict with the original writing; (2) to show an agreement made subsequent to the original document; (3) to show the inducement for entering into the written contract; (4) where fraudulent representations have occurred or (5) where the plaintiff relies upon the doctrine of estoppel. In addition, parol evidence is admissible to uncover and reveal the true intentions of the parties in the event of an ambiguity in the contract. Gulf Insurance Company vs. Contrux, Inc., 2001 W.L. 840240 (Tenn. Ct. App.).

8. Although the written agreement of the parties does not qualify as a negotiable instrument, nevertheless, it does contain the requirements of a contract: (1) an offer (2) acceptance (3) consideration (4) competent parties and (5) a legal purpose. Furthermore, this contract is unambiguous. It provides the borrower with an option of paying either cash or stock prior to the due date, but once the due date arrives, then the option passes to the bearer who has the right to demand cash or stock.

9.     The parol evidence relied upon by the defendant is in direct conflict with the original writing in that the defendant claims there never was a loan to be repaid by either cash or stock.

Based upon the foregoing, the Court concludes the parol evidence rule is applicable and will exclude the evidence of the alleged parol agreement between the parties which contradicts the terms of the written agreement. It is THEREFORE ORDERED and DECREED that plaintiff is entitled to a judgment against defendant in the amount of $50,000 plus interest in the amount of $17,336.49 for a total of $67,336.49. Costs are taxed to defendant for which execution may issue.

The trial court made no findings involving the credibility of witnesses but determined the case on questions of law as to the admissibility of parol evidence and as to the meaning of an unambiguous contract. Such questions of law are reviewable *de novo* on appeal with no presumption of correctness as to the conclusions of the chancellor. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993); *Tennessee Farmers Mutual Ins. Co. v. Moore*, 958 S.W.2d 759 (Tenn. Ct. App. 1997).

The determinative question on appeal in this case is whether or not parol evidence is admissible. This Court has held:

After preliminary negotiations and oral conversations are concluded and a contract is reduced to writing that is clear and unambiguous, there is a conclusive presumption that the parties have reduced their entire agreement to writing, and that any parol agreement is merged in the written contract. Testimony of prior or contemporaneous conversations for the purpose of altering, contradicting, or varying the terms of the written instrument are incompetent and inadmissible. *Starnes v. First American Nat. Bank of Jackson*, 723 S.W.2d 113 (Tenn. App. 1986); *Brown v. Brown*, 45 Tenn. App. 78, 320 S.W.2 721 (1958).

*Faithful v. Gardner*, 799 S.W.2d 232, 235 (Tenn. Ct. App. 1990).

Further expositive as to the admissibility of parol evidence this Court has held:

Parol evidence has been held admissible where: (1) the evidence tends to establish an independent collateral agreement that does not conflict with the original writing; (2) to show an agreement made subsequent to the original document; (3) to show the inducement for entering into the written contract; (4) where fraudulent representations have occurred; or (5) where plaintiff relies upon the doctrine of estoppel. *Freeze*, 623 S.W.2d at 109, 112. In addition, parol evidence is admissible to uncover and reveal the true intentions of the parties in the event of an ambiguity in the contract. However, when no ambiguity exists, there is no occasion to entertain parol evidence, or to vary from the plain meaning of the contract. *Moore v. Moore*, 603 S.W.2d 736 (Tenn. App. 1980).

*Krantz v. Overfelt's Discount Realty*, 01A01-9311-CH-00501 1994 WL 164091 at *4 (Tenn. Ct. App. 1994).

One may search in vain the language of the December 15, 1997 agreement for any ambiguity. The original amount of the note is $50,000. It matures on December 31, 1999. It bears interest prior to maturity at 8% per annum. Hamidy has the option to demand payment on the due date in either cash or 1000 shares of Computer Sentry Software, Inc. stock. Halstead has the unconditional option, without penalty, to prepay prior to maturity, either in cash or with Computer Sentry Software, Inc.'s stock. Interest after default is at two percentage points over the prime lending rate charged by First Tennessee Bank of Franklin, Tennessee to their most credit worthy customers. Hamidy could have demanded, on December 31, 1999, that Halstead pay by transfer of 1000 shares of Computer Sentry Software, Inc. stock. Halstead, at any time before December 31, 1999, could have tendered Computer Sentry Software, Inc. stock in satisfaction of his obligations. Neither of them chose the stock payment route and such medium of payment was not available to either of them after the due date.

The chancellor correctly held that parol evidence was inadmissible and the judgment of the chancellor is in all respects affirmed.

Costs of the cause are assessed to the appellant.

_____
WILLIAM B. CAIN, JUDGE